```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    :
LEWKOWITZ,    :
    :
    :
                    Plaintiff,    :
    :       19-cv-10249 (LJL)
        -v-    :
    :       ORDER
    :
INTERCONTINENTAL HOTELS GROUP PLC, et al.,    :
    :
                    Defendants.    :
    :
------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    On February 21, 2020, the Court held an Initial Pretrial Conference at which the parties discussed limited discovery as to issues raised regarding *forum non conveniens*. It is hereby ORDERED:

1. Plaintiff Lefkowitz and defendant Intercontinental Hotels Resources Group LLC ("IHRG") may engage in limited discovery pursuant to the following schedule:
    a. Initial Disclosures pursuant to Rule 26(a)(1) to be exchanged by March 5, 2020;
    b. Document requests and interrogatories to be served by March 12, 2020 limited to the allegation in paragraph 9 of the Complaint that IHRG owns and operates Six Senses Duouro Valley Hotel ("Valley Hotel"), the allegations in paragraphs 15-17 to the extent that they pertain to IHRG, and to Defendants' claims in its Memorandum of Law in Supports of Defendants' Motion to Dismiss at p.10 (Dkt. No. 22) regarding the ownership and operation of the Valley Hotel;
    c. Responses to documents requests and interrogatories due by April 2, 2020;
    d. All other discovery by and between Plaintiff and IHRG stayed pending further Order of the Court.
2. Defendants to make any motion to dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or *forum non conveniens* or any other grounds permitted by law to be filed by April 9, 2020.
3. Plaintiff and IHRG to comply with this Court's Individual Practices with respect to the timing of the briefs in opposition to the motion to dismiss and in reply in further support of the motion to dismiss and with respect to the length of such briefs.
4. Plaintiff and IHRG are also directed to this Court's Individual Practices and the Federal Rules of Civil Procedure with respect to Plaintiff's right to file an amended

complaint following receipt of the motion to dismiss and the effect of such an amended pleading on the motion to dismiss.
5. Defendants' motion to dismiss (Dkt. No. 21) is deemed withdrawn.
6. Discovery with respect to the Defendants other than IHRG is stayed pending further Order of the Court.

   Plaintiff and IHRG are also directed to exchange documents each believes to be useful for settlement purposes and, if they believe such referral would be useful, to submit to the Court forthwith a letter requesting referral either to a Magistrate Judge or to the Court's Mediation Program, recognizing that it frequently may take some time from the date a referral is made until the scheduling of a settlement conference.

   SO ORDERED.

Dated: February 21, 2020
       New York, New York

_____
                    LEWIS J. LIMAN
                    United States District Judge